IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RONNIE WAYNE ANDERSON, JR.                                                    PLAINTIFF

v.                                    No. 4:14–CV–656-JLH–BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                DEFENDANT

### Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge J. Leon Holmes.  Mr. Anderson may file written objections to this recommendation.  Objections must be specific and state the factual or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  An objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Holmes can adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Ronnie Wayne Anderson Jr. seeks judicial review of the denial of his application for supplemental security income (SSI).[3]  In November 2004, Mr. Anderson sustained a substantial injury to his right ankle.  At that time, he was 24 years old.  The injury served as the basis for awarding disability benefits until August 2006.[4]  That time coincides with the date he reached maximum medical improvement for the purpose of his workers compensation claim.[5]

Mr. Anderson claims he has been disabled since his injury, but a claimant is not eligible for SSI before applying.[6]  As a result, this case considers whether Mr. Anderson was disabled beginning September 14, 2011.  Mr. Anderson based disability on his right ankle, high blood pressure, high cholesterol, and an unspecified kidney problem.[7]

---

[3]SSA record at p. 146 (applying on Sept. 14, 2011 and alleging disability beginning Nov. 2, 2004).

[4]The record does not specify the dates for the award, but Mr. Anderson reported payments from the time of his injury until August 2006.  Docket entry # 7, p. 4.

[5]SSA record at p. 379.

[6]Because SSI benefits are not payable prior to the date of application, the claimant must prove that he was disabled as of or subsequent to the protective filing date of his application.  *See* 20 C.F.R. § 416.335; *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

[7]SSA record at p. 165.

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined that Mr. Anderson had severe impairments,[8] but that he could do a limited range of sedentary work.[9] Because a vocational expert identified available jobs for a person with Mr. Anderson's limitations,[10] the ALJ determined that Mr. Anderson was not disabled and denied the application.[11]

After the Commissioner's Appeals Council denied a request for review,[12] the decision became a final decision for judicial review.[13] Mr. Anderson filed this case to challenge the decision.[14] In reviewing the decision, the court must determine whether

---

[8]*Id*. at p. 12 (identifying history of right ankle distal tibia/fibula fracture, status post open reduction internal fixation of right fibula and application of external fixator for right lower tibia, and right ankle distal tibia and fibula hardware removal, right deep peroneal nerve release, and right anterior tibial tendon debridement; hypertension; and pure hypercholesterolemia as severe impairments).

[9]*Id*. at pp. 13-14.

[10]*Id*. at pp. 94-95.

[11]*Id*. at p. 24.

[12]*Id*. at p. 1.

[13]See *Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[14]Docket entry # 1.

substantial evidence supports the decision and whether the ALJ made a legal error.[15] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Mr. Anderson's allegations**. Mr. Anderson challenges the determination that he could work. He says his doctor's medical questionnaire deserved controlling weight. He complains about the evaluation of his credibility. He also asserts that the ALJ's hypothetical question omitted imitations his doctor reported. For these reasons, he maintains, substantial evidence does not support the ALJ's decision.[16]

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Mr. Anderson could do some sedentary work. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small

---

[15]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[16]Docket entry # 7.

tools."[17] In addition to limiting Mr. Anderson to sedentary work, the ALJ added other limitations:

> (1) simple, routine, repetitive tasks with simple, direct, concrete supervision,
>
> (2) level surfaces for walking, and
>
> (3) no more than occasional stooping, crouching, crawling, kneeling, bending, and balancing.[18]

For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Mr. Anderson could work within these limits.

> 1. **Medical evidence implicates nothing preventing sedentary work.** Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[19]
>
> Mr. Anderson's surgeon described the ankle fracture as a "terrible injury."[20] The injury occurred when a load of sheet rock fell on the ankle, fracturing two bones. An orthopedic surgeon set the bones using fixation hardware.[21] After the fractures healed and the hardware was removed,[22] a

---

[17] 20 C.F.R. § 416.967(a).

[18] SSA record at pp. 13-14.

[19] SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

[20] SSA record at p. 386.

[21] *Id*. at p. 260.

[22] *Id*. at pp. 262 & 388.

functional capacity evaluation indicated that Mr. Anderson could do medium work involving occasional balancing and kneeling.[23] Despite the rating, the surgeon recommended sedentary work and predicted that Mr. Anderson might need a fusion-type procedure in the far future.[24] Per the surgeon, "he is a young man and still capable of future skills and employment."[25]

Mr. Anderson claims his ankle has prevented him from working since his injury, but treatment records contain probative gaps. After his surgeon released him from care, Mr. Anderson sought no treatment for 56 months.[26] Although lacking medical insurance, the lack of treatment suggests no disabling limitation.

The first evidence of treatment is a May 2011 visit to a family practice clinic.[27] Mr. Anderson complained about ankle pain. Diagnostic testing showed Mr. Anderson had high blood pressure and high cholesterol. Treatment focused on genital warts and weight management.[28]

---

[23]*Id*. at p. 393-94.

[24]*Id*. at p. 380.

[25]*Id*. at p. 379.

[26]*Compare id*. at p. 379 (released from medical care on Aug. 9, 2006) *with id*. at p. 410 (next medical visit on May 3, 2011).

[27]*Id*. at pp. 410-11.

[28]*Id*. at pp. 410-11 (May 3, 2011: complaining about persistent right lower leg pain and increased lesions on right groin area; prescribing medication for genital warts, recommending over-the-counter nonsteroidal anti-inflammatory drug for pain, and discussing effect of weight on hips, knees, and ankles and need for diet and exercise), pp. 412-13 (May 11, 2011: following up on lab work; recommending over-the-counter pain reliever to avoid kidney damage and emphasizing importance of weight loss, smoking cessation, and medication compliance) & p. 414-15 (May 18, 2011: following up on hypertension; referring patient to orthopedist for right ankle).

The following year, Mr. Anderson obtained Medicaid coverage. In May 2012, he returned to the family practice clinic and complained about increased ankle pain. The right ankle was swollen and tender. Treatment recommendations remained the same, but the doctor prescribed a stronger pain reliever.[29] The doctor provided a requested referral for an orthopedist, but the record reflects no orthopedic consult. Failing to consult an orthopedist suggests no disabling pain.

2. **Treatment records document no limitations in functions needed for sedentary work**. The right ankle impaired Mr. Anderson's ability to walk and stand, but sedentary work involves mostly sitting. "Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions."[30] Treatment records show no basis for limitations in sitting or using the hands or fingers.

3. **Gaps in treatment history undermine Mr. Anderson's credibility**. An ALJ must evaluate the claimant's credibility before determining the claimant's ability to work,[31] but can "discount complaints of pain if they are inconsistent with the evidence as a whole."[32] Mr. Anderson claims ankle pain has prevented him from working since November 2004, but he sought little treatment. Mr. Anderson visited the family practice clinic five

---

[29]*Id*. at pp. 444-45 (May 1, 2012: complaining about heartburn and side, back and ankle pain; refilling medication for high blood pressure, high cholesterol, and heartburn, and prescribing narcotic pain medication on as-needed basis) & pp. 442-43 (May 15, 2012: asking doctor to complete form for disability claim; refilling prescriptions for narcotic pain reliever, high blood pressure, high cholesterol, heartburn and genital warts).

[30]SSR 83-10, *Titles II & XVI: Determining Capability to Do Other Work -- The Medical-Vocational Rules of Appendix 2*.

[31]*Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005).

[32]*Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

times during the 19 months for which benefits were denied.[33]  A reasonable mind would expect a person with disabling pain to seek more frequent medical treatment.[34]

4.  **Vocational evidence supports the decision**.  Mr. Anderson claims the ALJ omitted some of his limitations from the hypothetical question.

> A hypothetical question posed to the vocational expert is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true. The hypothetical question must capture the concrete consequences of the claimant's deficiencies.[35]

---

[33]SSA record at pp. 444-45 (May 1, 2012: complaining about heartburn and side, back and ankle pain; refilling medication for high blood pressure, high cholesterol, and heartburn, and prescribing narcotic pain medication on as-needed basis), pp. 442-43 (May 15, 2012: asking doctor to complete form for disability claim; refilling prescriptions for narcotic pain reliever, high blood pressure, high cholesterol, heartburn and genital warts), pp. 440-41 (Aug. 28, 2012: following up on high blood pressure, seeking medication refills, and complaining about back pain; providing medication refills and recommending diet and exercise), pp. 438-39 (Oct. 2, 2012: complaining about back and leg pain; refilling pain medication and educating patient on blood pressure management and diet) & pp. 435-36 (Dec. 18, 2012: complaining about right leg pain and asking for orthopedic referral; refilling medications for high blood pressure, cholesterol, heartburn, and chronic pain).

[34]*Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (failing to seek medical assistance for alleged physical and mental impairments contradicted claimant's allegations of disabling conditions and supported unfavorable decision); *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996) (complaints of disabling pain and functional limitations are inconsistent with the failure to take prescription pain medication or to seek regular medical treatment for symptoms); *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988) ("A failure to seek aggressive treatment is not suggestive of disabling back pain.").

[35]*Perkins v. Astrue*, 648 F.3d 892, 901-02 (8th Cir. 2011).

Mr. Anderson relies on a treating physician's medical questionnaire,[36] but the ALJ properly rejected reported limitations as unsupported.[37] The physician documented no serious functional limitation preventing sedentary work.[38] According to the physician, "His deformed right leg with frequent pain limit his ability to do physical work and his capacity to learn mentally is poor."[39]

The ALJ was not persuaded by the reported limitations,[40] but responded to the physician's description by limiting Mr. Anderson to sedentary work involving level walking surfaces; limiting stooping, crouching, crawling, kneeling, bending, and balancing; and requiring simple, routine, repetitive tasks. The limitations captured the concrete consequences of the ankle injury and any limitation in learning.

When asked about sedentary work for a person with Mr. Anderson's limitations, the vocational expert identified production assemblers like lampshade assembler, document preparer, and surveillance monitor as representative jobs.[41] The vocational evidence shows work exits that Mr. Anderson could do, regardless of whether such work exists where he

---

[36]SSA record at p. 430.

[37]*Dolph v. Barnhart*, 308 F.3d 876, 878-79 (8th Cir. 2002) ("Under the Commissioner's regulations, a treating physician's opinion is given 'controlling weight' if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.' Accordingly, an ALJ should 'give good reasons' for discounting a treating physician's opinion.").

[38]SSA record at p. 442 ("Extremities deformities in right lower leg, swollen around the right ankle, old well healed surgical scar over the medial aspect, tender spots on the distal medial aspect of the right leg and around the ankle.").

[39]*Id*. at p. 431.

[40]*Id*. at p. 21 ("This treating physician's opinion has been considered but, in view of the overall record, was found not to be persuasive.").

[41]*Id*. at pp. 94-95.

lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[42]

Age played an important role in the ALJ's conclusion. In general, a younger individual such as Mr. Anderson[43] possesses "sufficient occupational mobility to adapt to the major segment of unskilled sedentary work."[44] Sedentary work represents a significantly restricted range of work, but it "is not so prohibitively restricted as to negate work capability for substantial gainful activity."[45]

## Conclusion and Recommendation

Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Mr. Anderson's request for relief (docket entry # 1) and AFFIRMING the Commissioner's decision.

Dated this 5th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[42] 42 U.S.C. § 1382c(a)(3)(B).

[43] Mr. Anderson was 31 years old when he applied for SSI.

[44] 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.00(c).

[45] *Id*. at § 201.00(b).